[No. 5882.   Decided February 19, 1906.]

## A. T. DISHMAN, *Appellant,* v. JOHN T. HUETTER, *Respondent.*[1]

CONTRACT—BREACH—RESCISSION—FINDINGS—SUFFICIENCY TO SUP-
PORT JUDGMENT.   Where the main consideration for the leasing of a
quarry was an agreement by the lessors not to engage in the busi-
ness of quarrying or selling rock within a specified territory, findings
by the court to the effect that there was a violation of this agree-
ment would be sufficient to support a judgment releasing the lessee
from further obligation to perform the contract upon his part; and
the fact that one of the findings erroneously states the foregoing
agreement to be the sole consideration for the lease is immaterial.

SAME—RESCISSION—PLEADING AND PROOF—RECOVERY FOR MISTAKE
NOT ALLEGED.   In such a case, upon breach of the contract by the
lessors and a rescission of the same by the lessee, the lessors could
not recover, in an action brought upon the contract, the value of rock
removed by the lessee by mistake after the rescission, in the absence
of an amendment, nor would such facts support a judgment for the
value of the rock removed by mistake, in the absence of any evi-
dence or findings as to such value.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered February 11, 1905, upon find-
ings in favor of the defendant, after a trial on the merits
before the court without a jury, in an action on contract.
Affirmed.

*L. J. Birdseye* and *Harris Baldwin,* for appellant.

*Post, Avery & Higgins,* for respondent.

RUDKIN, J.—The plaintiff and one Evans are the owners
of a stone quarry, in Spokane county, and the defendant owns
a quarry on adjoining lands.   On the 23rd day of September,
1900, the plaintiff and said Evans, of the first part, and the
defendant of the second part, entered into a written agree-
ment, whereby the plaintiff and Evans leased their said
quarry to the defendant for a term of three years, together

1Reported in 84 Pac. 590.

with the right of access thereto and the right to quarry and remove stone therefrom. The defendant agreed to pay ten cents per ton or perch for all stone removed from both quarries during said term. The agreement contained this further provision:

"It is further expressly agreed and understood between the parties to these presents that said first parties are not to take any rocks from, operate or work in said above mentioned quarry, nor are they to give a lease thereon to any person for that purpose, and they further agree that during the time and term of this agreement they are not to sell any rubble rock to any person or persons in the city of Sopkane or at any place within a radius of one hundred (100) miles from Spokane, and are not to engage either directly or indirectly or be interested with any person in any manner in the selling or quarrying of rubble rock within the aforesaid territory."

This action was brought to recover the purchase price or royalty for the rock quarried and removed under said contract. The complaint alleged the ownership of the quarries by the respective parties, the execution of the above agreement, the removal of 20,000 ton or perch of rock under the agreement, the failure to pay for the same at the contract price, the assignment by Evans of his interest in the contract to the plaintiff, and prayed for judgment in the sum of $2,000. The answer, after certain denials, alleged affirmatively, that on or about the first day of October, 1901, and continually thereafter the plaintiff and said Evans violated the terms of said contract by quarrying and selling rubble rock within the city of Spokane and surrounding territory contrary to the provision of said contract; that on said date the defendant notified the plaintiff and said Evans of such violation, and thereupon rescinded said contract; that the defendant has paid in full for all rock quarried or removed prior to such rescission; and that since such rescission the defendant has exercised no act of possession, right or control over the quarry owned by the plaintiff and said Evans and has quarried or removed no rock therefrom. The reply denied the affirmative

portion of the answer. The action was tried by the court without a jury. The court found the execution of the contract as alleged, the assignment from Evans to the plaintiff, and further,

"(3) That in the summer of 1901, and continuously thereafter until September 22, 1903, the plaintiff violated said contract in that he was throughout said time interested in the selling and quarrying of rubble rock within the territory mentioned in said contract, to wit: the city of Spokane and within a radius of one hundred miles from said city, and during all of said time he was engaged in selling rubble rock to various parties in said city of Spokane. (4) That defendant learned of the plaintiff's violation of said contract on or about October 1, 1901, and thereupon notified him of 'such violation and that the contract was at an end, and he would pay no further royalty thereunder. (5) That prior to the time of the notification mentioned in the preceding paragraph, the defendant had paid the royalty according to said contract for all rubble rock theretofore mined or removed. (6) That the promise of the parties of the first part named in said contract, and of each of them, not to engage in the business of quarrying or selling rubble rock within the territory aforesaid during the period of three years named in said contract, was the sole consideration for the promise of the defendant in said contract to pay said royalty of ten (10) cents per ton or perch for the rubble rock quarried during said period. (7) That after the defendant learned of the said violation of said contract on the part of the plaintiff, he did not do any work under said contract, nor did he intentionally remove rock whatsoever from the quarry owned by the plaintiff and said Evans. That whatever rock was removed by him thereafter from said quarry was so mined and removed under the mistake as to the location of the line dividing defendant's quarry from the quarry owned by the plaintiff and said Evans."

Upon these findings a judgment of dismissal was entered, from which the plaintiff appeals. There is no statement of facts or bill of exceptions, so that the only question before us for review is the sufficiency of the findings to support the judgment. Counsel criticise the 6th finding of the court as

above set forth, wherein the court finds that the agreement not to engage in the business of quarrying or selling rubble rock within certain territory was the sole consideration for the promise on the part of the defendant to pay ten cents per perch or ton for all rock removed from the quarries. This finding is perhaps broader than a true construction of the contract would warrant, as the value of the rock that might be removed from the quarry owned by the appellant and Evans was some consideration for the promise on the part of the respondent, but however this may be, it is manifest that the agreement on the part of the appellant and Evans not to engage in the business of quarrying or selling rock within the territory named, was the principal object and a vital part of the contract in suit, and a violation of that portion of the contract by the appellant and Evans would release the respondent from further obligation to perform on his part. 7 Am. & Eng. Ency. Law (2d ed.), 153; *Munsey v. Butterfield,* 133 Mass. 492. And if the respondent paid in full for all rock removed up to the time of the rescission of the contract at the contract price, and thereafter refrained from entering upon the quarry of appellant and Evans and from quarrying or removing rock therefrom, it is equally manifest that the appellant cannot recover.

Counsel further criticise the 7th finding of fact, wherein the court finds that the respondent did not *intentionally* remove any rock from the quarry of appellant and Evans after the rescission of the contract, and that whatever rock was thereafter removed was *by mistake.* If the contract was rescinded as found by the court, the appellant could not, under the allegations of his complaint, recover the value of rock thereafter removed by mistake, as there is no allegation in the complaint as to such value. The action is founded upon the contract and as no recovery can be had on the contract by reason of its rescission there could be no recovery at all, in the absence of an amendment, or the reception of proof which would be equivalent thereto. In any event the finding as

made by the court would not support a judgment in any amount in favor of the appellant. The court did not find that any rock was in fact removed after the rescission, nor did it find the value thereof. It simply found that if any was in fact removed it was removed by mistake. The appellant brought the case to this court on the findings alone, and as these will support no other judgment than that which the court actually rendered, the judgment must be affirmed, and it is so ordered.

FULLERTON, HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.